## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

BETTIE M. COLE                                        :
                                                      :
    Plaintiff,                       :
                                                      :
    v.                               :
                                                      :
                                                      :      Civil Action  No.
                                                      :
SEABURY RESOURCES FOR AGING                           :
                                                      :
    Defendant.                       :
............................................................... :

### COMPLAINT

COMES NOW Plaintiff Bettie M. Cole by and through her attorneys Emejuru and Nyombi L.L.C., and for her complaint avers and alleges as follows:

### PRELIMINARY STATEMENT

Bettie M. Cole brings this action against her former employer Seabury Resources for Aging for their willful, reckless, wanton and malicious violation of the Equal Pay Act of 1963 , as amended 29 U.S.C.§ 206(d) and the District of Columbia Human Rights Act

D.C Code § 2-1401.01 *et seq.* which caused her to sustain injury and monetary damages.

### JURISDICTION

1. Personal jurisdiction exists over Defendants as they are doing business and have the necessary minimum contacts within the District of Columbia.

2. Subject matter jurisdiction exists through diversity jurisdiction pursuant to 28.U.S.C. § 1332 as the action is between citizens of different states and the

amount in controversy, exclusive of interest and costs, exceeds seventy five thousand ($75,000.00) and also under D.C. Code Ann. Section 11-921.

3. Jurisdiction is further invoked pursuant to 28 U.S.C. § 1337, 1343, as well as §16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C.§216(b)), as incorporated into the Equal Pay Act .

## VENUE

4. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendant is a resident of this judicial district and because the unlawful employment practices were committed in this judicial district.

## PARTIES

5. Plaintiff Bettie M. Cole is an African-American female adult resident of the United States and the State of Maryland who, at all times relevant to this Complaint, was an employee within the definition of the Equal Pay Act as incorporated from the definition contained in § 3(e) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 203(e)), the D.C Human Rights Act.

6. Defendant is a private organization with the capacity to sue and be sued in this Court with its corporate headquarters located at 4201 Butterworth Pl, NW, Washington DC – 20016-4538.

## FACTUAL ALLEGATIONS

7. Plaintiff Bettie M. Cole as an employee is a person entitled to the protection of the District of Columbia Human Rights Act and the Equal Pay Act.

8. At all times pertinent to this action, Defendant is an employer within the meaning of the Equal Pay Act as incorporated from the definitions contained in §3(d) and §3(s) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C.§§203(d) and (s), because it is engaged in an industry affecting commerce and has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and the D.C Human Rights Act.

9. Plaintiff Bettie M. Cole was born on XX/XX/1943(72 years old).

10. Plaintiff started working for Defendant Seabury Resources for Aging on December 2, 2013 as a Program Coordinator for its Seabury Connector Call Service Center.

11. The job description for this position was similar to the job description for the positions of Alternative Transportation Services Coordinator and the position for Dispatch Supervisor.

12. During the recruitment interview Ms. Lester Wynn Program Director of Seabury Connector Transportation informed Plaintiff that her starting salary would be forty eight thousand dollars ($48,000) a year.

13. This salary was substantially lower than that of the male Managers who were doing equal work.

14. Leonard Knight the Program Coordinator for Alternative Transportation Services was being paid sixty thousand dollars ($60,000) annually.

3

15. At all times pertinent to this suit, Norman Hendrickson, the Supervisor in charge of Dispatch was being paid a salary of sixty three thousand dollars ($63,000) annually.

16. During a Professional Development Training organized by Seabury resources, Ms. Cole was informed by Ms. Tina Wilkinson the Professional Trainer that all three positions-Program Coordinator for Alternative Transportation Services, Supervisor in Charge of Dispatch and Program Coordinator for the Seabury Connector Call Center performed equal and similar duties.

17. The three departments were described by Ms. Wilkinson as being call centers, that is, they all received calls that were coming into the Seabury Connector.

18. At all times pertinent to this action, Ms. Cole had seven (7) subordinates under her that she was in charge of supervising, a number that was far more than her male Manager co-workers doing the same work under the same conditions.

19. At all times pertinent to this action, the Program Coordinator in Charge of Alternative Transportation Services had only two (2) employees that were under him and who were being supervised by him.

20. At all times pertinent to this action, the Dispatch Supervisor Norman Hendrickson had only two (2) officers who were dispatchers that were subordinates to him, in addition to the data entry clerk and bus drivers.

21. Ms. Cole is an African-American female while Norman Hendrickson, the Dispatch Supervisor and Leonard Knight, the Program Coordinator Alternative Transportation are males.

22. Ms. Cole was being paid lower than her counterparts because of her gender as a

female.

23. Ms. Cole was an exemplary employee and had a tremendous work record setting up the new Seabury Connector Call Center, and effectively building a high performing call center personnel.

24. On or around March 16, 2014, Seabury hired Mark Cosenza as the Chief Program Officer. Maintaining the budget was one of Mr. Cosenza's duties and responsibilities.

25. On April 30, 2014, Mr. Cosenza spoke with Ms. Coles and informed her that "I am working hard to get you and Ms. Stephens an increase in salary."

26. Ms. Stephens was the other female Officer who was the Assistant Director in charge of Seabury Connector's Human Resources.

27. Defendant instituted a policy, practice and pattern of paying Female managers salaries that were lower than their male counterparts doing equal work.

28. On Thursday June 12, 2014, during a meeting, the issue of the disparate salary scales between male and female officers came up.

29. Mr. Consenza stated to Plaintiff Cole that "I know that there are some discrepancies in salaries between the males and females and I am going to try to correct that situation. I know that you and Marble [Stephens] are far behind the men's salary and you are about twelve thousand dollars ($12,000) lower than Leonard Knight who makes sixty thousand dollars ($60,000) and you have the

same position and same title. I can't promise what I can do, but I am going to do

something for you in October 2014 this year."

30. On July 16, 2014, during a meeting , Mr. Cosenza told Plaintiff that , "Bettie I will

not be able to offer you twelve thousand dollars  ($12,000) but will put in for

seven thousand dollars ($7,000)."

31. Plaintiff told Mr. Cosenza that even if they were to give her a salary increment of

seven thousand dollars ($7000), her salary would still be less than that of Mr.

Leonard Knight who was hired after her and with the same job title.

32. Plaintiff requested that her salary be increased by ten thousand dollars ($10,000).

33. Mr. Cosenza promised that Seabury could only increase her salary by seven

thousand dollars ($7,000) and that this would take place in October 2014.

34. On Saturday August 2, 2014 during a business trip in St Louis Missouri Mr.

Cosenza at a dinner stated that he was working on the budget and trying to see

where he could include monies for increases in salaries.

35. Ms. Cole, Norman Hendrickson and Leonard Knight were all present at this

business dinner.

36. In or around September , 2014, Mr. Cosenza was fired by Defendant Seabury

resources as a Chief Program Officer.

37. During his tenure in Office, Mr. Cosenza became aware of Norman Hendrickson's

ineptitude at the job as the Assistant Program Director.

38. Cosenza demoted Hendrickson to Dispatch Supervisor with the same rate of pay

of sixty three thousand dollars ($63,000).

39. In or around October 2014, Mr. Brant Cornish was hired as Program Director of Operations at a starting salary eighty thousand dollars ($80,000). Plaintiff reported directly to Mr. Cornish.

40. Mr. Cornish was being paid almost double Plaintiff's salary.

41. On several occasions, Plaintiff met with Mr. Cornish and asked for a salary increase to match her male counterparts who were doing equal work.

42. During a meeting between Plaintiff and Mr. Cornish that took place on November 4, 2014, Mr. Cornish stated to her that, "Bettie your salary is about thirteen thousand dollars ($13,000) less than Norman Hendrickson's salary and he is a Manager[just like Ms. Cole]. I will try to get you that amount for the fiscal year 2015."

43. Ms. Cole responded in frustration saying to Mr. Cornish that, "don't give me figures now, just let me know when it is approved. Mr. Cosenza promised me an increase and I never received it."

44. At all times pertinent to this action Plaintiff never got any salary increments and continued to be paid less than her male Manager peers for equal work under the same conditions.

45. Defendant Seabury disparate pay scale was not made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or

quality of production; or (iv) a differential based on any other factor other than sex.

46. On Friday March 13, 2015 Plaintiff was terminated from  her position by Ms. Lester Wynn.

47. During the meeting when she was terminated, Plaintiff told Ms. Wynn that, " I am a Senior citizen, where am I going to get another job? I am seventy-one years old. I don't believe this after all that I have tried to do to enhance the service center. I cannot understand how my salary was in the budget for Financial Year 2014. Financial Year 2015 did not mirror last year's budget."

48. Ms. Cole told Ms. Wynn that she was aware that most of the staffers did not agree with the changes that were taking place which were being done by Mr. Cornish. She asked Ms. Wynn if her decision was based on the staffers complaints.

49. Ms. Lester Wynn replied to Plaintiff that, "You have a right to feel the way you want to."

50. Mr. Cornish interjected sarcastically that, "Oh yes , we are supposed to be a senior friendly organization and we are putting a senior out of a job."

51. Plaintiff asked Ms. Wynn if she had an alternative job because she was not the last one hired. Ms. Wynn said nothing.

52. Defendant Seabury alleged that Ms. Cole was terminated because of a reorganization.

53. Between December 2013, and March 2015, Ms. Cole was not made aware of any unsatisfactory performance evaluations, complaints regarding her management style or failure to foster community and volunteer relationships.

54. Defendant's Personnel Policies required that employees would be evaluated annually for their performance. Plaintiff was never evaluated during her tenure.

55. To the contrary Ms. Cole increased the ridership of the Seabury Connector Services by one hundred percent (100%) during her tenure.

56. Defendant Seabury retained new and younger workers to do the same job, duties and roles as Ms. Cole.

57. Leonard Knight a much younger male Manager was hired way after Plaintiff was hired and was placed in charge of Alternative Transportation but was not himself terminated.

58. Ms. Cole's job duties were phased back to a much younger employee Frances China who took over the role of Supervising the Defendant's Seabury Connector Call Center.

59. Defendant Seabury never provided any notice about a purported pending reorganization to its employees.

60. Defendant Seabury used reorganization as an excuse and pretext to terminate Ms. Cole.

61. Plaintiff was terminated because of her advanced age and her repeatedly asking for equal pay for equal work.

62. Cole has since then been medically treated for mental shock and severe

depression.

63. Cole was never offered any severance pay or annual leave pay.

64. Cole is now suffering and will continue to suffer irreparable injury and monetary damages as a result.

65. All actions taken by employees, agents, servants, or representatives of any type for the Defendant were taken in the line and scope of such individuals' employment, agency or representation.

66. Serious punitive damages need to issue to punish this kind of wrongful conduct from Defendant and to deter any other similarly situated companies from doing the same.

## CAUSES OF ACTION

### COUNT 1
### (AGE DISCRIMINATION IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT)

67. Cole incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

68. By the above acts, Defendant Seabury Resources violated the District of Columbia Human Rights Act by discriminating against Cole because of her age.

69. Cole is now suffering and will continue to suffer irreparable injury and monetary damages as a result.

70. WHEREFORE, as to Plaintiff's that Defendant is in violation of the District of Columbia Human Rights Act, Cole prays that this Court enter judgment against Seabury, For any back and front wages, salary, employment benefits, or other

compensation to which Ms. Cole is entitled by reason of this DCHRA violation; all damages acceptable by law, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees and costs of this action, equitable relief, and such other and further relief that is just and proper.

## COUNT 2
### (SEX DISCRIMINATION IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT)

71. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated here in *seriatim.*

72. At all times pertinent to this action Defendant was an employer subject to the provisions of the D.C. Human Rights Act, 2-1401 *et. Seq.* of the District of Columbia Code.

73. At all pertinent times, Cole was an employee entitled to protection under the D.C Human Rights Act.

74. The D.C Human Rights Act prohibits discrimination in employment based on an individual's sex.

75. Defendant Seabury resources in blatant violation of the D.C Human Rights Act, knowingly, wantonly and intentionally engaged in unlawful discrimination by paying Cole a female a salary lower than her male Manager counterparts doing the same work, having the same duties and the same working conditions. Defendant failed to engage in equal pay for equal work because of Cole's gender as a female.

76. Defendant engaged in a pattern and practice of paying female managers at the Seabury Connector less than their male counterparts doing the same job duties.

77. Despite repeated appeals and complaints, Defendant paid Plaintiff a salary far less than her male counterparts Leonard Knight and Norman Hendrickson who were performing equal work.

78. Defendant has no legitimate business reason for such discriminatory acts.

79. Cole is now suffering and will continue to suffer irreparable injury and monetary damages

80. WHEREFORE, for Defendant Seabury's sex discrimination in violation of the DCHRA, Cole prays that this Court enter Judgment against Seabury for; any wages, salary, employment benefits, or other compensation; any and all damages acceptable by law, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees and costs of this suit, equitable relief, and such other and further relief as Plaintiff Cole may be entitled to.

## COUNT  3
## (RETALIATION IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT)

81. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated here in *seriatim.*

82. At all times pertinent to this action Defendant was an employer subject to the provisions of the D.C. Human Rights Act, 2-1401 et. Seq. of the District of Columbia Code. Ms. Lester Wynn was the Program Director of the Seabury

Connector Transportation and Brant Cornish the Program Director of Operations were Senior Officers of Seabury and Defendant is liable for their actions.

83. At all pertinent times, Cole was an employee entitled to protection under the D.C Human Rights Act.

84. The D.C Human Rights Act prohibits discrimination in employment based on an individual's gender and age and prohibits retaliation for engaging in protected activity.

85. Defendant Seabury resources in blatant violation of the D.C Human Rights Act, knowingly, wantonly and intentionally engaged in unlawful retaliation by terminating Ms. Cole abruptly for complaining about the Company's pattern and practice of paying female Call Center Managers less than their male counterparts doing the same duties.

86. Defendant terminated Plaintiff because she complained about Seabury's failure to consistently raise her salary to the same level as both Leonard Knight and Norman Hendrickson, male Supervisors who were doing equal work.

87. Defendant wantonly and intentionally phased out the job position of Ms. Cole because of her age of seventy-one (71) years old and replaced her with a much younger employee Frances China who they still pay less than the male Supervisors doing equal work.

88. Defendant has no legitimate business reason for such retaliatory acts.

89. Cole is now suffering and will continue to suffer irreparable injury and monetary damages

90. WHEREFORE, for Defendant Seabury's retaliation in violation of the DCHRA,

Cole prays that this Court enter Judgment against Seabury for; any wages, salary,

employment benefits, or other compensation; any and all damages acceptable by

law , pre-judgment interest at the legal rate, post-judgment interest at the

judgment rate, attorney's fees and costs of this suit, equitable relief, and such

other and further relief as Plaintiff Cole may be entitled to.

## COUNT 4

## EQUAL PAY ACT CLAIM

91. Plaintiff incorporates by reference all paragraphs of this Complaint as though
fully stated here in seriatim.

92. At all pertinent times, Cole was an employee within the definition of the Equal

Pay act as incorporated from the definition contained in § 3(e) of the Fair Labor

Standards Act of 1938, as amended (29 U.S.C.§ 203(e)). Defendant Seabury was

an employer within the definitions of the Equal Pay Act as incorporated from the

definitions contained in §3(d) and § 3(s) of the Fair Labor Standards Act of 1938,

as amended (29 U.S.C.§§ 203(d) and (s).

93. At all times pertinent to this action, Seabury has been aware that the Equal Pay
Act applies to it or showed reckless disregard whether or not the Equal Pay Act
applies to it.

94. As to Cole's salary, Seabury violated the Equal Pay Act and did so willfully.

14

95. As a direct and proximate result of Seabury's actions, Plaintiff Cole has suffered mental anguish, emotional distress, personal humiliation, indignity, embarrassment, inconvenience, stigma, pain, mental shock, depression, damage to her personal and professional reputation, justifying an award including, but not limited to damages for emotional injury, compensatory, punitive and consequential damages against Defendant.

96. WHEREFORE Cole requests that the Court enter judgment in her favor and against Seabury for the amount shown to be due to her for Seabury's failure to pay her an amount equal to that of her male co-workers doing the same duties for the pertinent period prior to filing this lawsuit and from the date of the filing of this lawsuit up to the date of judgment; enter judgment in her favor and against Seabury for liquidated damages in an amount equal to the amount shown to be due to her for Seabury's failure to pay her an amount equal to that of her male co-workers doing the same duties for the relevant period prior to filing this lawsuit and from the date of the filing of this lawsuit up to the date of judgment; Award the Plaintiff and against Defendant unlimited compensatory damages and unlimited punitive damages, Award her attorneys fees, costs and expenses for filing this lawsuit , and any and further relief as this Court may find Cole entitled.

## PRAYER FOR RELIEF

97. WHEREFORE, Plaintiff Bettie M. Cole prays for judgment in her favor for; all wages, salary, employment benefits, or other compensation to which she is

entitled arising from Defendant Seabury's violations; Further, Cole prays for judgment in her favor and against Defendant for; any and all damages acceptable by law, including compensatory damages, statutory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, relief pleaded in the preceding paragraphs,  and such other and further relief as Plaintiff Cole may be entitled to by bringing this action.

## JURY DEMAND

### PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CASE

Respectfully submitted,

By:

JUDE C. IWEANOGE, ESQ
Bar No. 493241

The Iweanoge's firm, PC
1026 Monroe St, NE
Washington, DC  20017
Tel: 202 347 7026
Fax: 202 347 7108
jci@iweanogesfirm.com

(To be admitted Pro hac vice)
ANDREW NYOMBI ESQ
Emejuru & Nyombi L.L.C.
8403 Colesville Road
Suite 1100
Silver Spring, MD 20910
Tel: (240) 638-278
anyombi@enylaw.com

# CONSENT TO BE EQUAL PAY ACT PLAINTIFF

I understand that this suit is being brought under the Equal Pay Act, and I hereby consent to be a Plaintiff in this lawsuit.

Signed and Dated this 16 day of June 2015

By: _____
Bettie M. Cole